The City of Chicago v. Murray, 185 Ill. App. 351.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*sufficiency of statement of facts*. Certification of statement of facts *held* to substantially comply with clause 6 of section 23 of the Municipal Court Act, J. & A. ¶3335, where the judge before whom the case was tried "certifies the foregoing to be a true and correct statement of the facts appearing upon the hearing in said cause, and the questions of law presented to the court during said hearing upon said facts," it not appearing that any propositions of law were submitted by either party.

2. GARNISHMENT, § 100*—*necessity of proof of judgment and an execution*. Proof of the judgment and the issue and return of an execution is a condition precedent to garnishment proceedings, and in the absence of such proof a judgment in garnishment cannot be sustained.

3. GARNISHMENT, § 100*—*proof of judgment*. In garnishment, the judgment debtor cannot waive proof of the judgment upon which the proceedings are based, for any one except himself.

4. GARNISHMENT, § 35*—*unearned salary*. Section 5 of the Garnishment Act, J. & A. ¶ 5940 does not authorize garnishment process against unearned salary, and cannot be construed to reach the salary to be earned after answer made.

5. GARNISHMENT, § 35*—*wages earned after service of writ*. Under section 14 of the Garnishment Act as amended in 1901, J. & A. ¶ 5949, the employer is not required to answer for wages earned by a "wage earner" after the service of the writ.

6. GARNISHMENT, § 100*—*when evidence as to earnings of employe after answer filed incompetent*. In garnishment, evidence as to the earnings of the judgment debtor as an employe of the garnishee after answer filed is incompetent.

---

**The City of Chicago, Defendant in Error, v. Edith Murray, Plaintiff in Error.**

## Gen. No. 19,099. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed March 10, 1914.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

## Statement of the Case.

Complaint by the City of Chicago against Edith Murray, charging the defendant with keeping a house of ill fame or assignation in violation of section 2014, of the Municipal Code of Chicago. To reverse a judgment finding defendant guilty, *defendant* prosecutes a writ of error.

L. J. HAIGLER, for plaintiff in error.

WILLIAM H. SEXTON and JAMES S. McINERNEY, for defendant in error; ALBERT J. W. APPELL, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 36*—*proof of venue of offense.* The Municipal Court Act limits the jurisdiction of the Municipal Court of the City of Chicago to offenses committed within the corporate limits of the City, and the evidence must show that the offense of violating an ordinance of the City was committed within the corporate limits in order to confer jurisdiction.

2. DISORDERLY HOUSE, § 2*—*when proof insufficient to sustain conviction for maintaining house of ill fame.* On complaint in the Municipal Court charging the defendant with maintaining a house of ill fame in violation of an ordinance, *held* that a judgment finding defendant guilty could not be sustained, where there was no proof that the offense was committed within the corporate limits of the City.

---

## Mary Kaszmierczak, Defendant in Error, v. Tony Jamrosz, Plaintiff in Error.

### Gen. No. 19,142.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.